NOT FOR PUBLICATION                           [Docket Nos. 27 & 32]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

EDWARD J. SCOTT,

        Plaintiff,

    v.                                    Civil No. 07-1911(RMB)

DETECTIVE CHRISTOPHER BARBER,           **OPINION & ORDER**
et al.,

        Defendants.

---

APPEARANCES

Edward J. Scott
415 So. First Road
Hammonton, NJ 08037
    Plaintiff <u>Pro</u> <u>Se</u>

A. Michael Barker, Esq.
Barker Scott & Gelfand
Linewood Greene - Suite 12
210 New Road
Linwood, NJ 08221
    Attorneys for Defendants Barber and Pizzutillo

Stephanie A. Olivo, Esq.
City of Atlantic City - City Hall
City Solicitor's Office - Room 406
1301 Bacharach Boulevard
Atlantic City, NJ 08401
    Attorneys for Defendant City of Atlantic City

**BUMB**, United States District Judge:

    This matter comes before the Court upon a motion for summary judgment filed by Defendants Detective Christopher Barber ("Barber") and Patrolman Mark Pizzutillo ("Pizzutillo") and a

1

motion for summary judgment by the City of Atlantic City (the "City").

Plaintiff filed a complaint in state court March 19, 2007.  This matter was removed to this Court by Defendants on April 24, 2007. [Docket No. 1].  Defendants Christopher Barber and Mark Pizzutillo answered the Complaint on May 31, 2007. [Docket No. 5].  On November 26, 2007, Plaintiff filed an Amended Complaint with this Court without seeking leave of Court or obtaining the prior written consent of the Defendants. [Docket No. 18].

Federal Rule of Civil Procedure 15 indicates that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  This Court did not grant Plaintiff leave to amend his Complaint and it does not appear that Plaintiff received the opposing parties' written consent before filing.  Despite this, Defendants Barber and Pizzutillo filed an answer to the Amended Complaint.  [Docket No. 19].

It is unclear from the motions for summary judgment which complaint the parties consider to be operative in the case. While the Amended Complaint was never properly filed, Defendants Barber and Pizzutillo refer to it repeatedly in their motion for summary judgment while still referring to claims made in

Plaintiff's first Complaint.  See e.g., Docket No. 27, at 6 referring to Plaintiff's Amended Complaint and at 8 referring to Plaintiff's first Complaint. Defendant, City of Atlantic City provides no clues as to what the parties consider to be the operative complaint as it simply refers to Barber and Pizzutillo's motion as the basis for its motion for summary judgment.

Generally speaking, "[a]n amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit." Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).  However, in this case the Amended Complaint was not properly filed.  Despite this, the moving parties attempt to encompass both complaints in their motions, leaving the Court confused as to what complaint controls. Because this Court will neither attempt to guess which version governs nor employ the route taken by Defendants – to refer to both versions simultaneously – it will deny Defendants' motions without prejudice.  Once the operative complaint has been established, the parties are free to move for summary judgment to dismiss the claims stated therein.

IT IS HEREBY **ORDERED** that Defendants' motions for summary judgment [Docket Nos. 27 & 32] are **DENIED without**

**prejudice.**

Dated: May 12, 2008                                **s/Renée Marie Bumb**
                                                   RENÉE MARIE BUMB
                                                   UNITED STATES DISTRICT JUDGE